# VISHNICK MCGOVERN MILIZIO LLP
## ATTORNEYS AT LAW

February 13, 2018

Avrohom Gefen
Partner
t. 516.437.4385 x119
AGefen@vmmlegal.com

*Via ECF*
Judge Sidney H. Stein
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *Min Kyu Song et al v. Circle NYC Inc., et al*
              *SDNY Case No. 17civ5904 (SHS)*

Dear Judge Stein:

      Plaintiffs, by their attorneys Vishnick McGovern Milizio LLP, respectfully submit this letter jointly with counsel for defendants to advise the Court that the parties have reached a settlement agreement in the above-referenced Fair Labor Standards Act ("FLSA") matter and to request, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 763 F.3d 199, 206 (2d Cir. 2015), the Court's approval of attached negotiated Settlement Agreement and dismissal of the case with prejudice. A copy of the Settlement Agreement is attached hereto as Exhibit "A".

### Background
      The plaintiffs commenced this action by filing a Complaint (Dkt. No. 1, the "Complaint") seeking unpaid minimum wages and unpaid overtime premium pay pursuant to the FLSA, 29 U.S.C. §§201 et seq. and the New York Labor Law ("NYLL") §§650 et seq., as well as unpaid spread-of-hours premiums and damages for wage notice and wage statement violations pursuant to the NYLL. The five named plaintiffs in this case are former employees of Circle NYC, Inc. ("Circle"), a nightclub located near Times Square. The plaintiffs worked as servers at Circle at different time periods beginning in or around 2008 and continuing through April 2017. In the Complaint the plaintiffs contend that they worked as servers either two or three days each weekend for at least 11 hours each day and worked approximately seven additional hours each

3000 Marcus Avenue, Suite 1E9 • Lake Success, NY 11042 • t. 516.437.4385 • f. 516.437.4395
830 Third Avenue, 5th Floor, New York, NY 10022 • t. 212.759.3500
www.vmmlegal.com • Please direct all correspondence and documents to the Lake Success office.

VISHNICK MCGOVERN MILIZIO LLP
ATTORNEYS AT LAW

Judge Sidney H. Stein
February 14, 2018
Page 2

week hanging posters for Circle and doing other promotional work. The plaintiffs contend that they worked additional hours on holidays and other special occasions on which Circle was open and additional hours selling tickets for special events. In the Complaint the plaintiffs further allege were not paid any wages for the hours they worked and they were compensated only from tips from a pool that was controlled by defendants.

On November 9, 2017 the Court, at the parties' request, referred the matter for private mediation. The parties jointly selected Stephen Sonnenberg, Esq., a labor and employment partner at Paul Hastings, LLP[1], as the mediator. Prior to the mediation, the parties provided the mediator with ex parte letter outlining their respective positions. Also prior to the mediation, plaintiffs' counsel provided defendants' counsel with a "best case" damages calculation of $1,068,996, which included approximately $510,000 in liquidated damages.

On January 25, 2018 a full-day mediation session took place and the parties engaged in settlement negotiation facilitated by Mr. Sonnenberg. Prior to and at the mediation, the defendants produced records purporting to show that the plaintiffs were paid for at least 20 hours each week, affidavits from other employees asserting that they were paid wages and that they worked less hours than those asserted by the plaintiff, as well as wage notices for some of the plaintiffs. The defendants also produced to the mediator tax returns showing that Circle NYC was operating at a loss for the past two years. The defendants also advised the mediator that Circle NYC had lost its lease and that it would be closing in February 2018. Ultimately, after intense negotiation and with the help of Mr. Sonnenberg, the parties settled for a total of $270,000. Of this amount, after reimbursement of expenses, plaintiffs' counsel will receive 30% (reduced from 1/3 agreed to by the plaintiffs in their retainer agreement with counsel), with the remainder divided among the plaintiffs in proportion with the working hours each alleged in the Complaint.

**RELEVANT STANDARD**

In determining whether a proposed settlement is fair and reasonable, the Court should consider the totality of circumstances, including but not limited to the following factors: (1) the

---

[1] As of February 2018, Mr. Sonnenberg joined JAMS as a full-time neutral.



VISHNICK McGOVERN MILIZIO LLP
ATTORNEYS AT LAW

Judge Sidney H. Stein
February 14, 2018
Page 3

plaintiffs' range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion. *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

### 1. The Settlement Was a Product of Arms'-Length Bargaining, Accounts for Anticipated Burdens at Trial and Litigation Risk, and Compensates Plaintiffs for Substantial Damages

From the outset of this matter, the parties have had major points of contention which have been central to both the plaintiffs' claims and defendants' defenses. Specifically, and as discussed above, the parties disputed the hours worked by the plaintiffs as well as whether the compensation paid to the plaintiffs was wages, tips or both. To support their position, plaintiffs relied solely on their recollection, as they had no documentary evidence to support their claims. Defendants did have some records indicating that Plaintiffs were paid wages for the hours worked, in addition to the tips that they received. While plaintiffs would dispute the accuracy and completeness of these records at trial, plaintiffs recognize that if a fact-finder were to credit defendants' pay records to any degree, such documents could potentially limit the amount of damages plaintiffs could recover at trial. Moreover, plaintiffs are aware that success at trial would also hinge on a fact-finder's determination as to their credibility, because their claims are based solely on their recollections.

Finally, at the mediation, defendants claimed that Circle NYC was losing money and would be closing shortly and that the individual defendants did not have sufficient assets to cover a large judgment in plaintiffs' favor. Plaintiffs independently confirmed that Circle NYC was closing and the Defendants produced tax returns showing a loss the past two years. Plaintiffs are therefore cognizant that a risk of litigation also includes the potential difficulty with collecting on a favorable judgment. Considering these potential burdens at trial and risks of litigation, the Settlement Agreement is a fair and reasonable settlement of Plaintiffs' claims.

In addition, and as discussed above, the Settlement Agreement is the product of lengthy negotiations and discussions between the parties attorneys—all whom are experienced employment



## VISHNICK MCGOVERN MILIZIO LLP
### ATTORNEYS AT LAW

Judge Sidney H. Stein
February 14, 2018
Page 4

counsel, as well a full-day mediation sessions before mediator Mr. Sonnenberg. Plaintiffs were represented by Avrohom Gefen and Andrew Kimler of Vishnick McGovern Milizio, LLP. Mr. Gefen is a partner of the firm with over twelve years years of experience as an employment attorney and Mr. Kimler is a partner with over thirty years experience. Both have considerable experience in wage and hour matters. Defendants' attorney Lawrence Morrison is also a seasoned employment attorney with many years of experience. A "presumption of fairness, adequacy and reasonableness may attach to a settlement reached in an arm's length negotiations between experienced, capable Counsel after meaningful discovery." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 116 (2d Cir. 2005); see also *Khait v. Whirlpool Corp.*, No. 06 Civ. 6381, 2009 WL 6490085, at *1 (E.D.N.Y. Oct. 1, 2009)("The assistance of [] experienced mediator[s] . . . reinforces that the Settlement Agreement is non-collusive.").

### 2.   Settlement Terms

As delineated in the attached Settlement Agreement (Ex. A), the parties have agreed to settle this action for a total settlement amount of $270,000.00 (the "Settlement Amount"), to be paid within 30 days of the Court's approval of the settlement. Of that total amount, $83,334.17 is payable to Plaintiffs' counsel, representing $400 in expenses for counsel's costs for filing the complaint, $2,750 for Plaintiffs' share of the mediator's fee, $184.52 in travel related expenses, plus for attorney's fees of 30% the Settlement Amount, after subtracting those expenses. The remaining $186,665.83 is payable directly to plaintiffs with each plaintiff receiving a share proportionate to the percentage of hours worked, as alleged in the Complaint.

### 3.   Plaintiffs' Attorney's Fees and Expenses

In addition to reviewing the substantive fairness of the terms of the settlement agreement, where a proposed settlement of FLSA claims includes the payment of attorneys' fees, the court must also assess the reasonableness of the fee award. *Wolinsky*, 900 F. Supp. 2d at 344 (citing 29 U.S.C. § 216[b]). As discussed further below, the Settlement Agreement contemplates attorneys' fees of $79,999.64, after costs. Under the Settlement Agreement, Vishnick McGovern Milizio LLP will be paid, after costs, proportional attorneys' fees of 30%. Although plaintiffs retained their counsel with a contingency agreement of 1/3 of total recovery, plus costs, Plaintiffs' attorneys agreed to reduce their fee in this matter to 30%.

While courts may approve attorneys' fees on the basis of either a lodestar calculation or a percentage of the common fund, "the trend in this Circuit is toward the percentage method." *WalMart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005). The Second Circuit



# VISHNICK MCGOVERN MILIZIO LLP
### ATTORNEYS AT LAW

Judge Sidney H. Stein
February 14, 2018
Page 5

has reasoned that the lodestar method "creates an incentive for attorneys to bill as many hours as possible, to do unnecessary work, and these reasons also can create a disincentive to early settlement." *McDaniel v County of Schenectady*, 595 F.3d 411, 418 (2d Cir. 2010). In this Circuit, district courts typically approve attorneys' fees in the range of 30% - 33 1/3% in FLSA cases. See, *Santos v. El Tepeyac Butcher Shop Inc.*, 2015 WL 9077172, at *4 (S.D.N.Y. Dec. 15, 2015); *Thornhill v. CVS Pharmacy, Inc.*, 2014 WL 1100135, at *3 (S.D.N.Y March 20, 2014); One third contingency fees for attorneys representing plaintiffs in wage and hour litigation have been found to be necessary for furthering the broad remedial purpose of the FLSA and NYLL. See, *Khait v Whirlpool Corp.*, 2010 WL 2025106 (E.D.N.Y. 2010). In this case, Plaintiffs' attorneys have reduced their fee to 30% of the recovery after expenses.

**4.    The Court Should Find that the Settlement is Fair and Reasonable**

For the reasons stated herein, the parties submit that the Settlement Agreement is a fair and equitable resolution and that the proposed fees are appropriate in this case. Accordingly, the parties respectfully request approval of the Settlement Agreement and dismissal of the action with prejudice. The parties stand ready to provide any additional information that the Court requires to assist in its evaluation.

Respectfully submitted,

Avrohom Gefen