USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/23/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MIN KYU SONG, *ET AL.*,

                    Plaintiffs,

-against-

CIRCLE NYC INC., *ET AL.*,

                    Defendants.

17-Cv-5904 (SHS)

OPINION

SIDNEY H. STEIN, U.S. District Judge.

Plaintiffs Min Kyu Song, Andy Chung, Jong Hyuk Moon, Woo Bin Im, and Chang Seok Son are former waiters at a nightclub who allege violations of their rights pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). On August 4, 2017, they filed this action against their former employer, the nightclub operator Circle NYC Inc., and Robert Kwak, Joseph Ko, and Scott Alling, who are alleged to be the owners, shareholders, and officers of the nightclub. (Compl. ¶¶ 1–2, 33–42.)

Following a successful mediation, the parties submitted their settlement agreement to this Court for its approval in keeping with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). For the reasons set forth below, the Court approves the agreement as fair and reasonable.

I. **Background**

The five plaintiffs in this action worked – among "dozens" of others – as waiters at the Circle NYC nightclub for various periods between 2008 and 2017. (Compl. ¶¶ 3, 27–32; Answer, Doc. 19 ¶ 3.) According to the complaint, plaintiffs were never paid *any* wages and received only a portion of the tips they earned from a pool controlled by defendants. (Compl. ¶¶ 5–9, 51.) Plaintiffs allege that they did not receive accurate wage notices or wage statements and that they sometimes worked in excess of forty hours per week without

overtime pay and for more than ten hours per day without spread-of-hours premiums. (*Id.* ¶¶ 13, 47, 289–94.)

Plaintiffs claim that defendants willfully violated their rights under the FLSA and NYLL by misappropriating their tips and by failing to provide a minimum wage (without informing plaintiffs of the legal provisions that would allow the club to apply a tip credit to plaintiffs' wages) or overtime pay. (*Id.* ¶¶ 280–94, 301–21, 334–38.) They further allege that defendants violated the NYLL by denying them spread-of-hours premiums and by failing to provide accurate wage notices and wage statements. (*Id.* ¶ 295–300, 322–33.) As compensation for their alleged injuries, plaintiffs seek unpaid wages, actual and liquidated damages, pre- and post-judgment interest, and fees and costs. (*Id.* at 36–37.) Defendants filed an answer admitting that plaintiffs and other waiters worked for Circle NYC during the specified period, but otherwise denying each and every allegation in the complaint. (*See* Answer ¶¶ 1, 3.)

The complaint also set forth plaintiffs' intention to bring their FLSA claims as a collective action on behalf of themselves and all current and former servers employed by defendants in the three years before the filing of the complaint. (*See* Compl. ¶ 43.) Before the filing of any conditional certification motion, however, the parties agreed to participate in mediation to resolve these five plaintiffs' individual claims. (*See* Order, Doc. 22.)

On February 14, 2018, the parties submitted a joint letter to the Court announcing and attaching their settlement of these individual claims after successful negotiations before a private mediator. (Joint Letter, Doc. 27.) In essence, the agreement awards plaintiffs a total of $270,000, of which $83,334.17 goes to their counsel for attorneys' fees and costs, with the rest divided among the five plaintiffs in proportion to the magnitude of their respective claims for back pay and liquidated damages. In return, plaintiffs release any legal claims they may have against defendants arising from their employment through the date of the agreement. (Settlement Agreement, Doc. 27-1.)

2

At a court hearing on March 5, 2018, after hearing argument, the Court orally announced its decision to approve the settlement. (*See* Order, Doc. 28.) This opinion memorializes the reasons for that determination.

## II. Discussion

Fed. R. Civ. P. 41(a)(1)(A) permits the voluntary dismissal of an action brought in federal court, but subjects that grant of permission to the limitations imposed by "any applicable federal statute." The U.S. Court of Appeals for the Second Circuit has held that, "in light of the unique policy considerations underlying the FLSA," this statute falls within that exception, and hence that "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). This Court will approve such a settlement if it finds it to be fair and reasonable, employing the five non-exhaustive factors enumerated in *Wolinsky v. Scholastic Inc.*:

> (1) the plaintiff's range of possible recovery;
>
> (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses;
>
> (3) the seriousness of the litigation risks faced by the parties;
>
> (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and
>
> (5) the possibility of fraud or collusion.

900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations omitted). In this case, those factors uniformly favor approval of the settlement.

*First*, the settlement awards plaintiffs and their attorneys approximately 25% of their asserted "best case" damages calculation of $1,068,996. (*See* Joint Letter at 2.) That substantial portion falls well within the range of settlement sums approved by courts in this district. *See, e.g., Penafiel v. Rincon Ecuatoriano, Inc.*, No. 15-CV-112, 2015 WL 7736551, at *2 (S.D.N.Y. Nov. 30, 2015); *Bektesevic v. Columbia S. LLC*, No. 14-CV-139, 2018 WL 637402, at *3 (S.D.N.Y. Jan.

18, 2018); *Zorrilla v. Carlson Rests. Inc.*, No. 14-CV-2740, 2017 WL 5004848, at *2 (S.D.N.Y. Oct. 26, 2017).

*Second*, the parties dispute both the number of hours worked by plaintiffs and the nature of the compensation they received. Plaintiffs contest the accuracy of defendants' time records, but solely on the basis of their own recollections. This settlement enables them to avoid the burden and risk of presenting their credibility-dependent case to a factfinder and being subject to cross-examination at trial. *See, e.g., Yunda v. SAFI-G, Inc.*, No. 15-CV-8861, 2017 WL 1608898, at *3 (S.D.N.Y. Apr. 28, 2017).

*Third*, in addition to the risks involved in proving the case on the merits, the parties represent that defendant Circle NYC recently went out of business after losing money for an extended period of time, (Mar. 5, 2018 Transcript at 3), further reducing the possibility of plaintiffs obtaining a significant money judgment after trial. *See, e.g., Meza v. 317 Amsterdam Corp.*, No. 14-CV-9007, 2015 WL 9161791, at *1 (S.D.N.Y. Dec. 14, 2015).

*Fourth*, this settlement was reached after arm's-length negotiation before an experienced mediator. (Joint Letter at 4.) Counsel for both sides are veteran employment attorneys with considerable experience, according to the representations of the parties. *See Lopez v. Ploy Dee, Inc.*, No. 15-CV-647, 2016 WL 1626631, at *2 (S.D.N.Y. Apr. 21, 2016).

*Fifth*, there is nothing in this record to suggest that the settlement was the product of fraud or collusion. The fact that it was reached after mediation before an experienced neutral actor reinforces the settlement's legitimacy. *See Khait v. Whirlpool Corp.*, No. 06-CV-6381, 2009 WL 6490085, at *1 (E.D.N.Y. Oct. 1, 2009).

Additional features of the settlement further militate in favor of approval. The release is limited to claims based on plaintiffs' employment up to the date the agreement was signed, and is not overbroad. *See Penafiel*, 2015 WL 7736551, at *2; *Caprile v. Harabel Inc.*, No. 14-CV-6386, 2015 WL 5581568, at *2 (S.D.N.Y. Sept. 16, 2015). The attorneys' fee award of approximately 30% of the settlement sum, reduced from the 33 1/3 % proportion agreed to in

4

counsel's retainer, is reasonable and in keeping with typical FLSA settlements in this district. *See, e.g., Rodriguez-Hernandez v. K Bread & Co.*, No. 15-CV-6848, 2017 WL 2266874, at *5 (S.D.N.Y. May 23, 2017) ("In this Circuit, courts typically approve attorneys' fees that range between 30 and 33 1/3 %."); *Meza*, 2015 WL 9161791, at *2.

Finally, this agreement also lacks certain objectionable provisions that have doomed other proposed FLSA settlements. For instance, it contains no confidentiality provision, which would contravene the purposes of the FLSA – indeed, the document has already been publicly filed. *Cf. Martinez v. Gulluoglu LLC*, No. 15-CV-2727, 2016 WL 206474, at *1 (S.D.N.Y. Jan. 15, 2016). Similarly, the agreement lacks a non-disparagement provision, which would be suspect if it were too restrictive. *See Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-CV-4259, 2015 WL 9162701, at *3 (S.D.N.Y. Dec. 15, 2015).

## III. Conclusion

For the foregoing reasons, the Court approves the parties' proposed settlement agreement as fair and reasonable.

Dated: New York, New York
March 22, 2018

Sidney H. Stein, U.S.D.J.